BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/5748/0813
    Facsimile: (213) 894-0141
    E-mail:    ian.yanniello@usdoj.gov
              amanda.elbogen@usdoj.gov
              daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-mj-7759-3 |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER STAYING RELEASE OF DEFENDANT DANTE GAFFIELD |
| v. | |
| DANTE GAFFIELD, aka "Nomad," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Amanda B. Elbogen, and Daniel H. Weiner, hereby applies ex parte for an order staying the release of defendant DANTE GAFFIELD pending resolution of the government's appeal of the magistrate judge's release order issued on December 15, 2025. At the government's request, the magistrate judge granted a stay of the release order until 4 p.m. tomorrow (December 18).

On December 17, 2025, the government provided notice of this application to defense counsel, Robert Schwarz, by telephone. Mr. Schwarz objects to the government's request for a stay.

This application is based upon the attached memorandum, the concurrently filed Application for Review of Bond Order, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 17, 2025   Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

      /s/ *Ian V. Yanniello*
IAN V. YANNIELLO
AMANDA B. ELBOGEN
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM**

Defendant DANTE GAFFIELD first appeared in this matter on December 15, 2025 on a complaint charging him with Conspiracy and Possession of Unregistered Destructive Device.  The charges stem from defendant and his co-conspirators' plot to set off multiple bombs across Southern California on New Year's Eve, attacking multiple businesses across the district.  Over the government's objection, the Honorable Pedro V. Castillo, United States Magistrate Judge, ordered defendant released on an unsecured $10,000 bond with location monitoring.  At the government's request, the magistrate judge granted a stay of the release order until 4 p.m. tomorrow (December 18).

The government has concurrently filed its appeal of the release order to this Court, and respectfully requests a stay of the order pending resolution of the appeal.  Quite simply, the risk to the community should defendant be released at 4:00 p.m. tomorrow is far too great to allow the stay to lapse.

A stay is more-than justified here under the four "traditional stay factors" set forth by the Supreme Court.  Nken v. Holder, 556 U.S. 418, 433-34 (2009) (cleaned up).[1]  To justify a stay, the requesting party must satisfy four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

---

[1] Courts routinely apply these factors in criminal cases.  See, e.g., United States v. Mitchell, 971 F.3d 993, 996 (9th Cir. 2020) (stay of execution); see also United States v. Bass, 843 F. App'x 733, 734-35 (6th Cir. 2021) (stay of compassionate release order); United States v. Bradley, 505 F. App'x 220, 223 (3d Cir. 2012) (stay of judgment pending state court proceedings).

injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).[2]

As described in the government's concurrently filed Application for Review of the Bond Order, defendant --- charged with conspiring to execute a bomb plot across Southern California --- poses an extraordinary danger to the community should he be released. Each factor under 18 U.S.C. § 3142(g) weighs strongly against release, showing that the government is likely to succeed on the merits of its appeal. Given defendant's history of violence and conduct in this case, there is a significant risk that defendant's dangerousness would lead to irreparable harm to the community. Accordingly, the government respectfully requests a stay of the current release order pending resolution of the government's application to review the order.

---

[2] "The first two factors of the traditional standard are the most critical." Nken, 556 U.S. at 434. Only after "the applicant satisfies the first two factors" should courts "assess[] the harm to the opposing party and weighing the public interest." Id. at 435.